IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SHAHEEN CABBAGESTALK, | ) Civil Action No. 3:08-1639-SB-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MS. BLOWE; OFC. K. BROWN; NURSE MS. | ) |
| SULLIVAN; NURSE MS. DUN; | ) |
| LT. LANCASTEIN; SGT DAVID MERRITTS; | ) |
| SGT. GARY MANIGAULT; OFC. MICHAEL | ) |
| LAWRENCE; CORPORAL M. SMALLS; | ) |
| OFC. JAMES JOHNSON; LT. CLASSE | ) |
| THOMPSON; OFC. RICHARD ALLEN; | ) **REPORT AND RECOMMENDATION** |
| OFC. MONIQUE STEWART; | ) |
| CPT. NUMMALLEY; DR. BABB; | ) |
| NURSE AUSTIN; WARDEN MR. BODISON; | ) |
| FOOD SUPERVISOR MR. REEVES; | ) |
| MS. WALKER, MAILROOM LADY; | ) |
| SGT. MS. PERRY; GRIEVANCE | ) |
| COORDINATOR JENKINS, MS.; | ) |
| LT. KING; OFC CHARLES RODGERS; | ) |
| SGT. VONMITIUS;OFC. PALMER; | ) |
| LT. WILLIAMS; OFC. COX; CPL. SMITH | ) |
| SGT. MEYERS; OFC. WILLIAMS; SGT. ELMO; | ) |
| SGT. JONES; OFC. ARANDA; OFC. GOODWIN; | ) |
| CPL. SELBY; OFC. SIMMONS; | ) |
| OFC. MCDONALD; SGT. STRADFORD; | ) |
| SGT. JEFFERSON; AND | ) |
| SGT. TERRANCE FORDE; | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Plaintiff filed this action, pro se, on April 23, 2008 seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants. The Defendants filed a motion for summary

1

judgment on November 3, 2008, pursuant to Rule 56, Fed.R.Civ.P.. As the Plaintiff is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered by the Court on November 4, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff failed to respond to the motion. As the Plaintiff is proceeding pro se, the court filed a second order on December 24, 2008, advising Plaintiff that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and giving the Plaintiff an additional fifteen (15) days in which to file his response to the Defendants' motion for summary judgment. The Plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.

Notwithstanding this second warning, the Plaintiff still did not respond. Therefore, Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp.v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1] Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 558 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from

---

[1] He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Lopez, 669 F.2d at 920.

plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

January 21, 2009

**The parties are referred to the Notice Page attached hereto.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).