IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2009 FEB 27  A 9: 41

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Shaheen Cabbagestalk, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:08-1639-SB |
| Ms. Blowe; Ofc. K. Brown; Nurse Ms. Sullivan; Nurse Ms. Dun; Lt. Lancastein; Sgt. David Merrits; Sgt. Gary Manigault; Ofc. Michael Lawrence; Corporal M. Smalls; Ofc. James Johnson; Lt. Classe Thompson; Ofc. Richard Allen; Ofc. Monique Stewart; Cpt. Nummalley; Dr. Babb; Nurse Austin; Warden Mr. Bodison; Food Supervisor Mr. Reeves; Ms. Walker, Mailroom Lady; Sgt. Ms. Perry; Grievance Coordinator Jenkins, Ms.; Lt. King; Ofc. Charles Rodgers; Sgt. Vonmitius; Ofc. Palmer; Lt. Williams; Ofc. Cox; Cpl. Smith; Sgt. Meyers; Ofc. Williams; Sgt. Elmo; Sgt. Jones; Ofc. Aranda; Ofc. Goodwin; Cpl. Selby; Ofc. Simmons; Ofc. McDonald; Sgt. Stradford; Sgt. Jefferson; and Sgt. Terrance Forde, | ) **ORDER** |
| Defendants. | ) |



This matter is before the Court upon the *pro se* Plaintiff's complaint, which alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to Local Rule 73.02, this action was assigned to United States Magistrate Judge Joseph R. McCrorey for pre-trial determinations.

On November 3, 2008, the Defendants filed a motion for summary judgment. Because the Plaintiff is proceeding *pro se*, the Magistrate Judge issued an order pursuant

to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment rules and procedure and informing him of his need to file a response to the Defendants' motion. The Roseboro order specifically informed the Plaintiff that if he failed to respond to the Defendants' motion, then the Court may grant the motion.

Notwithstanding the warning and instruction in the Roseboro order, the Plaintiff elected not to respond to the Defendants' motion but instead filed a motion for release from S.C.D.C. custody. Because the Plaintiff is proceeding *pro se*, the Magistrate Judge issued a second order on December 24, 2008, granting the Plaintiff an additional fifteen (15) days within which to file a response to the Defendants' motion for summary judgment. This second order advised the Plaintiff that if he failed to respond, then the action may be dismissed for failure to prosecute.

When the Plaintiff again failed to respond, the Magistrate Judge issued a report and recommendation ("R&R"), dated January 21, 2009. In the R&R, the Magistrate Judge recommends that the Court dismiss the Plaintiff's complaint for lack of prosecution. See Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

Two days after the R&R was filed, the Court received an "answer/objection" from the Plaintiff, which he dated January 10, 2009. In this document, the Plaintiff states: "This is an answer/objection to Dec. 24th 2008 paperwork which I received January 6th 09 . . . so that's when the time starts for my answer back to this order . . . ." He further alleges that the judge is on the Defendants' side and asks for a change of judge. While the substance of his "answer/objection" is difficult to discern, the Plaintiff claims that he and James Cabbagestalk are two different people and that he is a pretrial detainee who has not been

indicted. He also claims that he filed this case in state court and requests that all of his motions be reinstated. Lastly, he objects to his case being recommended for dismissal and ask that all of his motions be reinstated.

Clearly, these objections relate to the Magistrate Judge's order dated December 24, 2008, wherein the Magistrate Judge denied the Plaintiffs' motion for subpoenas, his motion to amend, and his motion to compel and amend. As previously mentioned, in this order the Magistrate Judge also specifically instructed the Plaintiff to file a response to the Defendants' motion for summary judgment and granted him an additional 15 days for doing so. Despite the Magistrate Judge's specific instruction, however, the Plaintiff did not respond to the Defendants' motion for summary judgment in his "answer/objection." Instead, as set forth above, he asked for a new judge and requested that all of his previously denied motions be reinstated. Moreover, seeing as how the Plaintiff's "answer/objection" was dated January 10, 2009, and the R&R was not filed until January 21, 2009, it appears that the Plaintiff has elected not to file any written objections to the R&R. See Thomas v. Arn, 474 U.S. 140, 150 (1985), and Wells v. Shriner's Hosp., 109 F.3d 198, 201 (4th Cir. 1997) (recognizing that a district court is not required to review, under a *de novo* standard or any other standard, a Magistrate Judge's factual or legal conclusions absent timely objection from a dissatisfied party).



Here, based on the Plaintiffs' failure to comply with the Court's orders and to respond adequately to the Defendants' motion for summary judgment (as well as his failure to file objections to the R&R), it appears that the Plaintiff does not wish to continue with this case. Moreover, after considering the four factors set forth by the Fourth Circuit Court of Appeals for determining whether a Rule 41(b) dismissal is appropriate, the Court agrees

with the Magistrate Judge that such a dismissal is appropriate.[1] See Fed. R. Civ. P. 41(b); Ballard v. Carlson, 882 F.2d 93, 95 (4 th Cir. 1989), *cert. denied sub nom.* Ballard v. Volunteers of Am., 493 U.S. 1084 (1990) (concluding that a Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff's failure to obey an order constituted proper grounds for the district court to dismiss suit when the plaintiff failed to comply with the order).

Based on the foregoing, it is

**ORDERED** that the R&R is adopted, and the Plaintiff's complaint is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with the Court's orders.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February 26, 2009
Charleston, South Carolina

---

[1] These four factors are as follows: (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused to the Defendants; (3) the existence of a "drawn-out history of proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. See Chandler Leasing Corp., 669 F.2d 919, 920 (4th Cir. 1982). After consideration, the Court finds that these factors weigh in favor of dismissal.